UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROXANNE SCHLENDER,

    Plaintiff,

    v.                                     Case No. 23-CV-329

CHARLES SEELOW, et al.,

    Defendants.

---

### DECISION AND ORDER ON DEFENDANTS' MOTION FOR RECONSIDERATION

---

Roxanne Schlender sued Milwaukee Police Department Officer Charles Seelow and the City of Milwaukee under 42 U.S.C. § 1983 for injuries she incurred during an encounter with Officer Seelow on March 13, 2017, at the Potawatomi Bingo Casino in Milwaukee, Wisconsin. Defendants moved for summary judgment in their favor on the grounds that Schlender's claims failed on the merits or alternatively, that Defendants were entitled to qualified immunity. In a decision issued December 17, 2024, I granted in part and denied in part Defendants' motion. (Docket # 39.) Schlender was permitted to proceed to trial on her excessive force claim against Officer Seelow; however, judgment was entered in favor of Defendants on Schlender's unlawful seizure and *Monell* claims.[1] Defendants' motion for summary judgment based on qualified immunity was denied.

---

[1] Although Schlender's claim against the City of Milwaukee pursuant to *Monell v. Department of Social Services*, 436 U.S. 658 (1978) was dismissed, the City remains a party to this case based on the City's agreement that if the fact finder determines Officer Seelow violated Schlender's constitutional rights as alleged and awards compensatory damages, judgment will be entered against the City rather than against Officer Seelow. (Docket # 23.)

Defendants now move for reconsideration of the qualified immunity decision pursuant to Fed. R. Civ. P. 59(e). (Docket # 42.) For the reasons explained below, Defendants' motion is denied.

## LEGAL STANDARD

Rule 59(e) allows a party to move the court for reconsideration of a judgment within 28 days following the entry of the judgment. Although no judgment has yet been entered in this case, "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985).

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656 (N.D. Ill. 1982), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Apart from manifest errors of law, "reconsideration is not for rehashing previously rejected arguments." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996). Whether to grant a motion for reconsideration "is left to the discretion of the district court." *Id.*

## ANALYSIS

Defendants argue that the Court's failure to grant summary judgment in their favor based on qualified immunity constitutes a manifest error of law. They argue that under controlling legal precedent, qualified immunity protects reasonable mistakes about the necessity and amount of force used. (Docket # 43 at 7.) Defendants argue that the "overwhelming weight of existing case law has held that decentralizing a non-compliant suspect is *not* excessive force." (*Id.*) (emphasis in original.) They argue that even if the video evidence in this case does not conclusively demonstrate what happened, it shows that Schlender resisted Officer Seelow's efforts to control her "at several points, including immediately prior to the takedown." (*Id.* at 8.)

Defendants fail to show a manifest error of law. The court's decision in *Smith v. Finkley*, 10 F.4th 725 (7th Cir. 2021) is instructive here. Plaintiff Smith left the scene of a fight and returned with a gun. *Id.* at 729. After a citizen complained, two Milwaukee police officers on patrol came upon Smith and saw he matched dispatch's description of the suspect. *Id.* When the officer approached him, Smith fled. *Id.* The officers followed, believing Smith was armed. *Id.* Smith was found hiding on a rooftop one block away and when the officers found him, a standoff occurred. *Id.* After Smith refused numerous orders to cooperate, two additional officers (the defendants in the case), approached Smith and drew their weapons, believing Smith was armed. *Id.* The parties dispute what happened next—the officers thought Smith was reaching down behind an air conditioning unit for a gun, and Smith contended he was responding to an earlier command to get down on the ground. *Id.* Officers shot Smith three times, seriously injuring him. *Id.*

Smith sued under § 1983, alleging excessive force. The officers moved for summary judgment, arguing that their use of force was reasonable as a matter of law and that qualified immunity shielded them from liability. *Id.* The district court denied the officers' motion and the officers filed an interlocutory appeal of the denial of qualified immunity. *Id.* The court of appeals affirmed the district court's denial of qualified immunity. In so doing, the court noted that many of the undisputed facts of the case would justify the use of deadly force under *Graham v. Connor*, 490 U.S. 386 (1989), including the fact that Smith was suspected of returning to the scene of a fight with a gun and failed to obey numerous commands from different officers, resulting in a two-minute standoff in a public location bounded by occupied buildings. *Id.* at 739. But despite these facts, the court found that it must consider the totality of the circumstances, including the period just before and during the incident. *Id.*

And in this case, two facts critical to a reasonable officer's perspective were disputed—how Smith moved to the ground before and as he was shot and whether Smith presented an immediate threat to the officers. *Id.* Again, the officers believed Smith was reaching for a gun, while Smith stated that he was surrendering. *Id.* at 740. The court found that "[e]ach interpretation goes to the qualified immunity question." *Id.* The court noted that an individual "surrendering to officers" is a reduced threat and is putting up less resistance; thus, to "a reasonable officer in these circumstances, whether Smith continued to present a threat, how immediate that threat was, and whether Smith continued to resist and how much, are uncertainties and unresolved material questions of fact." *Id.* at 741. As such, the court concluded that "[b]efore the officers' legal argument for qualified immunity can be decided, these factual disputes as to how much of a threat Smith posed and how actively he was resisting must be resolved." *Id.* at 742.

Similar here, and as I previously found in the decision denying summary judgment as to qualified immunity, although the surveillance footage captures some of the parties' interactions, it does not fully corroborate either party's version of events. On reconsideration, Defendants again argue that the video shows Schlender resisting Officer Seelow at several points during the encounter. I already considered this evidence, finding that "[i]n the initial, less-than-a-second timeframe when Schlender first encounters Officer Seelow, the video fairly depicts her trying to pull her arm from his grip and make kicking motions at him." (Docket # 39 at 18.) I further found, however, that "after the two begin walking down the pathway through the Casino, and immediately prior to Officer Seelow implementing the takedown maneuver, the video is both unclear and fairly open to varying interpretations." (*Id.*) Again, Schlender contends that she turned her body to look over her shoulder to ask Officer Seelow to let her go, assuring him that she would walk on her own; whereas Officer Seelow contends that Schlender began to flail her arms around as they preceded down the pathway and then "mule-kicked" him in the shin. (*Id.*)

Thus, as in *Smith*, even assuming Schlender initially resisted, the circumstances just prior and during the incident are also relevant, and Schlender contends that just prior to Officer Seelow taking her to the ground, she was cooperating with him. Nothing in the video footage conclusively confirms or dispels Schlender's version of events. These factual issues are central to whether a reasonable officer would conclude that Schlender was actively resisting, justifying the takedown maneuver. In other words, as I previously found, the "existence of material factual disputes about the circumstances surrounding Officer Seelow's takedown maneuver precludes a ruling on qualified immunity at this juncture." (Docket # 39 at 20.) Defendants have failed to show reconsideration is warranted under Rule 59(e).

5

## CONCLUSION

Reconsideration under Rule 59(e) serves the very limited purpose of correcting manifest errors of law or fact. While Defendants disagree with the Court's summary judgment ruling regarding qualified immunity, disagreement with the Court's analysis does not constitute a manifest error of law. There must be a wholesale disregard, misapplication, or failure to recognize controlling precedent. Defendants cannot meet that standard in this case. For these reasons, Defendants' motion for reconsideration is denied.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' motion for reconsideration (Docket # 42) is **DENIED**.

Dated at Milwaukee, Wisconsin this 20th day of March, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge