# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROXANNE SCHLENDER,**

  **Plaintiff,**

 v.

              Case No. 23-CV-329

**CHARLES SEELOW, et al.,**

  **Defendants.**

## DECISION AND ORDER ON DEFENDANTS' MOTION TO STAY PENDING APPEAL

  Roxanne Schlender sued Milwaukee Police Department Officer Charles Seelow and the City of Milwaukee under 42 U.S.C. § 1983 for injuries she incurred during an encounter with Officer Seelow on March 13, 2017, at the Potawatomi Bingo Casino in Milwaukee, Wisconsin. Defendants moved for summary judgment in their favor on the grounds that Schlender's claims failed on the merits or alternatively, that Defendants were entitled to qualified immunity. In a decision issued December 17, 2024, I granted in part and denied in part Defendants' motion. (Docket # 39.) Schlender was permitted to proceed to trial on her excessive force claim against Officer Seelow; however, judgment was entered in favor of Defendants on Schlender's unlawful seizure and *Monell* claims. Defendants' motion for summary judgment based on qualified immunity was denied. Defendants moved for reconsideration of the qualified immunity decision pursuant to Fed. R. Civ. P. 59(e) (Docket # 42), which was denied on March 20, 2025 (Docket # 46). Defendants filed an interlocutory appeal to the Seventh Circuit Court of Appeals, challenging the qualified immunity decision. (Docket # 53.)

1

Presently before me is Defendants' motion for an immediate stay of all proceedings in this case pending resolution of their appeal. (Docket # 52.) Defendants argue that the order denying Officer Seelow's qualified immunity defense is immediately appealable under 28 U.S.C. § 1291 and because they have at least a colorable claim to qualified immunity, these proceedings must be stayed pending resolution of the appeal. (*Id.* ¶¶ 5–7.)

While decisions denying qualified immunity are immediately appealable, appellate jurisdiction is limited to abstract legal questions; the court of appeals cannot decide "factual disputes that are important to and inseparable from the qualified immunity defense." *Smith v. Finkley*, 10 F.4th 725, 729 (7th Cir. 2021). The court of appeals explains that in deciding whether it is presented with a pure question of law rather than a mixed question of law and fact, it "closely examine[s] two things." *Id.* at 736. First, whether the district court's decision identifies factual disputes as the reason for denying qualified immunity and second, the arguments or stipulations offered by those appealing to see if they adopt the plaintiff's facts, or instead make a "back-door effort" to use disputed facts. *Id.*

In denying Defendants' qualified immunity defense on summary judgment, I determined that the law is clearly established that a police officer may not use excessive force in arresting an individual; however, in this case, there are material factual disputes about the circumstances surrounding Officer Seelow's takedown maneuver precluding resolution of the defense at summary judgment. (Docket # 39 at 19–20.) In denying Defendants' reconsideration motion, I reiterated that qualified immunity could not be decided at this juncture due to disputes of material fact. (Docket # 46 at 5.)

Defendants contend that they "do not intend to ask the Seventh Circuit to address any issues of disputed fact in evaluating their appeal" and will appeal the "legal conclusion that,

2

taking the facts as the Court did in denying their summary judgment motion, Officer Seelow may have violated any Fourth Amendment right that was clearly established at the time of the events at issue in this action." (Docket # 52 at ¶ 6.) As the court of appeals articulated in *Smith*, there is often a "hazy line between appealable and nonappealable orders" because "a great number of orders denying qualified immunity at the pretrial stage are linked closely to the merits of the plaintiff's claim." 10 F.4th at 735 (internal quotations and citations omitted). Given the uncertainty expressed by the *Smith* court and Defendants' assertion that they do not intend to ask the court of appeals to resolve factual disputes, I find it is proper to stay this case pending resolution of Defendants' interlocutory appeal. *See Goshtasby v. Bd. of Trs. of Univ. of Illinois*, 123 F.3d 427, 428 (7th Cir. 1997) (stating that "when a public official takes an interlocutory appeal to assert a colorable claim to absolute or qualified immunity from damages, the district court must stay proceedings").

The parties are to inform the Court as to the resolution of the interlocutory appeal.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Defendants' motion to stay proceedings pending resolution of their appeal (Docket # 52) is **GRANTED**. The parties are to inform the Court as to the resolution of the interlocutory appeal.

Dated at Milwaukee, Wisconsin this 21st day of May, 2025.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:23-cv-00329-NJ    Filed 05/21/25    Page 3 of 3    Document 55